# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-01914-NAB |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Petition for Writ of Habeas Corpus filed by William Carter ("Petitioner") pursuant to 28 U.S.C. § 2254. [Doc 1]. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. [Doc. 13]. Carter filed a traverse. [Doc. 15]. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 22].

## I.
## BACKGROUND

On January 21, 2002, Petitioner, pursuant to 552.030.2 RSMo., entered a plea of not guilty by reason of mental disease or defect in the Circuit Court of Adair County, Missouri ("trial court") to the charges of forcible sodomy, kidnapping, burglary in the first degree, felonious restraint, and deviate sexual assault. The trial court accepted the plea and committed Petitioner to the custody of the Director of Missouri Department of Mental Health ("MDMH"). On August 8, 2003, a jury unanimously found Petitioner to be a sexually violent predatory under § 632.480 RSMo., and Petitioner was committed to the custody of the Director of MDMH "until such time that [Petitioner's] mental abnormality has changed that is he safe to be at large."

Petitioner filed a petition writ of habeas corpus in the Circuit Court of Saint Francois County, Missouri, which the court dismissed on August 2, 2010.  Petitioner appealed the dismissal of his writ for habeas corpus to the Missouri Court of Appeals, which denied the appeal because, under Missouri law, the dismissal of a writ for habeas corpus is not an appealable judgment.  On October 8, 2010, Petitioner filed a petition for writ for habeas corpus with this Court.

## II.
## DISCUSSION

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the ' "opportunity to pass upon and correct" alleged violations of its' prisoners' federal rights.' "  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam)); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]").  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.  *Baldwin*, 541 U.S. at 29 (citing *Duncan*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In *Romano* v. *Wyrick*, the Eighth Circuit specifically held that a petitioner that files a writ for habeas corpus in a Missouri state court has not exhausted available state court remedies until he presents his state habeas petition to an appellate court in the state.  681 F.2d 555, 557 (8th Cir. 1982).  In *Romano*, the petitioner, just as Petitioner in the present case, unsuccessfully filed a

petition for writ of habeas corpus in a state circuit court. *Id*. The Eighth Circuit acknowledged that, under Missouri law, the dismissal of a habeas petition may not be appealed, but the court noted that a petitioner "may still obtain relief by filing a petition for habeas corpus in a Missouri appellate court." *Id*. (citing *State v. Dodson*, 556 S.W.2d 938, 945 (Mo. App. 1977)). Because the petitioner had not presented his habeas petition to a Missouri appellate court, the court refused to entertain the federal habeas petition and instructed the petitioner to file a habeas petition with the Missouri Court of Appeals or the Missouri Supreme Court. *Romano*, 681 F.2d at 557.

In the present case, it is does not appear from the record that Petitioner pursued any other avenue of appeal at the state level other than his writ for habeas corpus. The claims presented in the writ for habeas corpus are therefore the only claims the state court had an opportunity to review, and the only state court that did review the claims is the Circuit Court of Saint Francois County, Missouri. Petitioner attempted to gain appellate review of the dismissal of his habeas petition from the Missouri Court of Appeals, but the dismissal is not an appealable judgment under Missouri law. Therefore, no court in Missouri, other than the Circuit Court of Saint Francois County, Missouri has had the "opportunity to pass upon and correct" the alleged violations of Petitioner's federal rights. *Baldwin*, 541 U.S. at 29 (citation omitted). As discussed above, the law is clear that, in Missouri, claims presented in a state habeas corpus petition are not considered "exhausted" for purposes of federal habeas review until the petitioner files a writ for habeas corpus with an appellate court in the state. *See Romano*, 681 F.2d at 557. Because Petitioner has not filed a writ for habeas corpus with the Missouri Court of Appeals or the Missouri Supreme Court, and because the claims were not presented in other appeals at the state

level, Petitioner has not exhausted the available state court remedies for his claims and this Court cannot review his petition.  "Once [Petitioner] has exhausted available state remedies[,] he can of course turn to the federal courts." *Romano*, 681 F.2d at 557.

### III.
### CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has failed to exhaust available state remedies and pursuant to 28 U.S.C. § 2254(b)(1)(A), this court may not grant the relief requested in the petition.  Petitioner's § 2254 Petition is therefore denied in its entirety without prejudice.  The Court further finds the grounds asserted by Petitioner do not give rise to any issues of constitutional magnitude.  Because Petitioner has made no showing of a denial of a constitutional right, he will not be granted a certificate of appealability in this matter.  *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the § 2254 Petition filed by William Carter for habeas corpus is **DENIED**.  [Doc. 1].

**IT IS FURTHER ORDERED** that dismissal is **WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that a separate judgement will be entered this same date;

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by William Carter for a Certificate of Appealability will be **DENIED**.


Dated this 14th day of  October, 2011.

4

    /s/Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE